THE HONORABLE MARSHA PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON COM, INC,<br><br>Plaintiff,<br><br>v<br><br>BARNESANDNOBLE COM, INC, and<br>BARNESANDNOBLE COM LLC,<br><br>Defendants | NO C99-1695P<br><br>AMAZON COM'S OPPOSITION TO BARNESANDNOBLE COM'S MOTION TO FILE SUPPLEMENTAL CLAIMS CONSTRUCTION BRIEF |

## I. INTRODUCTION

Amazon com and Barnesandnoble com negotiated a comprehensive pretrial schedule, including a schedule for consideration of claims construction The parties' schedule specifies the briefs that will be permitted and the dates by which they must be filed The latest agreed revision of this comprehensive schedule was adopted in the Court's order entered May 21, 2001

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 1
[24976-0219/SL013190 015]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

To reach agreement on the comprehensive pretrial schedule, each party was required to compromise  In the end, the parties agreed upon a schedule that provided a fair hearing to both parties of the issues to be decided

Barnesandnoble com now asks the Court for an unwarranted advantage by allowing it to file, on the very day of the claims construction hearing, another brief and additional evidence to which Amazon com would not be permitted to reply  This, however, is not encompassed by the mutually fair procedure negotiated by the parties and adopted by the Court

Barnesandnoble com's claimed excuse for this belated, unauthorized filing does not justify permitting its proposed substantial change to the parties' agreed procedure  The Barnesandnoble com proposal would also eliminate the core elements of the procedure Amazon com negotiated to obtain – that the briefing and submission of evidence regarding claims construction be completed well before the hearing in order to allow a fair chance to prepare, and that Amazon com be allowed to file the final brief on this issue

Barnesandnoble com's actions echo its tactics during the preliminary injunction hearing, when each day brought additional new surprise contentions and evidence, rather than the issues and evidence it previously had identified in compliance with the Court's rules and scheduling order  The Court should make clear that such litigation tactics are no longer acceptable, and deny the motion

## II.     ARGUMENT

The parties repeatedly have negotiated and renegotiated the procedural schedule in this case in order to assure what both parties believed to be a fair consideration of the issues by the Court  Since the outset, that procedure has included three briefs regarding claim construction – an opening brief by Amazon com, a brief by Barnesandnoble com, and a rely brief by

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 2
[24976-0219/SL013190 015]

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

Amazon.com. These three briefs were then followed, after a period of preparation, by the Court's hearing regarding claims construction. *See* Supplemental Joint Status Report at 2-3 (Feb. 7, 2000); Stipulation Regarding Discovery and Pre-Trial Schedule (Sept. 9, 2000); Order Granting Barnesandnoble.com's Unopposed Motion Regarding Discovery and Pretrial Deadlines and Trial Date (May 14, 2001).

Ignoring the parties' series of agreements, all adopted by the Court, Barnesandnoble.com now seeks to deny much of what it negotiated to give Amazon.com, the last brief on the subject of claims construction and a mutual exchange of evidence and arguments well in advance of the claim construction hearing.

Barnesandnoble.com's sole claimed excuse for disregarding its prior agreement, several times made, is that it was unable to take its second depositions of Amazon.com's inventors before it filed its claim construction brief. This excuse is pretense. It ignores that

- Barnesandnoble.com made no effort to obtain the inventor depositions for over a year and half, including over six months after the Federal Circuit rendered its opinion in this case (Chin Declaration[1] Ex. A).

---

[1] Declaration of Steven D. Chin in Support of Barnesandnoble.com's Motion for Leave to File its Supplemental Brief on Claims Construction ("Chin Declaration").

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 3
[24976-0219/SL013190.015]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

- When Barnesandnoble.com decided to take the depositions of Amazon.com's inventors shortly before its claim construction brief was due, it noticed all four inventors' depositions, together with the deposition of Amazon.com's patent counsel, for exactly the same time and date, obviously anticipating that the depositions could not go forward as noticed[2] (*Id.*)

- At no time during the process of scheduling the depositions did Barnesandnoble.com ever suggest it needed to obtain the testimony of any of the witnesses before it filed its claim construction brief (*Id.* Exs B – P) To the contrary, just a few weeks earlier in the Joint Claim-Construction Statement of Amazon.com and Barnesandnoble.com at 2 (Aug 31, 2001), the parties had agreed

  > The parties believe that the claims of the '411 patent can be construed on the basis of the claims, specification, and prosecution history, and the ordinary meaning of the words used in the claims, without reference to extrinsic evidence (e g , witness testimony) except as necessary to establish the ordinary meaning of words to one of skill in the art of electronic commerce

---

[2] Barnesandnoble.com must have known the deposition scheduling would take some time in that two of the deponents are no longer Amazon.com employees, and one of the inventors is Jeff Bezos

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 4
[24976-0219/SL013190 015]

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

- The depositions from which Barnesandnoble.com proposes to use testimony were taken on September 28 and October 3, 12, 22, and 25. Thus, over *six weeks* have passed since Barnesandnoble.com obtained the first of the testimony it now proposes to offer; the last of this deposition testimony was obtained over two weeks before Barnesandnoble.com filed its motion seeking consent to belatedly supplement its brief.

In reality Barnesandnoble.com had plenty of time to obtain whatever testimony it really wanted before it filed its brief, had time to make a timely application to use the testimony and still allow Amazon.com the agreed-upon opportunity to file a reply to it, and had time to assure all this happened sufficiently before the hearing to allow a fair opportunity to prepare.

There are good reasons why Barnesandnoble.com attempts to spring this material on Amazon.com and the Court, and not have it carefully considered. Most obviously, the evidence Barnesandnoble.com offers is, according to the repeated pronouncements of the Federal Circuit, of no legal consequence.

> The testimony of an inventor and his attorney concerning claim construction is thus entitled to little or no consideration
>
> * * *
>
> Nor may the inventor's subjective intent as to claim scope, when unexpressed in the patent documents, have any effect

*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583, 1584 (Fed. Cir. 1996). *See also Bell & Howell Document Management Products Co. v. Altek Systems*, 132 F.3d 701, 706 (Fed. Cir. 1997) ("testimony of an inventor and his attorney concerning claim construction is thus entitled to little or no consideration"), *Roton Barrier, Inc. v. The Stanley Works*, 79 F.3d 1112,

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 5
[24976-0219/SL013190.015]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

1126 (Fed Cir 1996) ("an inventor's 'after-the-fact testimony is of little weight compared to the clear import of the patent disclosure itself'")

Last year the Federal Circuit once again explained that "an inventor is not competent to construe patent claims," and the reasons for the rule

> In *Markman*, we addressed the issue of litigation-derived inventor testimony in the context of claim construction, and concluded that such testimony is entitled to little, if any, probative value We reasoned that an inventor is not competent to construe patent claims for the following reasons
>
> "[C]ommonly the claims are drafted by the inventor's patent solicitor and they may even be drafted by the patent examiner in an examiner's amendment (subject to the approval of the inventor's solicitor) While presumably the inventor has approved any changes to the claim scope that have occurred via amendment during the prosecution process, it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is after allowance by the PTO "

*Solomon v Kimberly-Clark Corp.*, 216 F 3d 1372, 1379-80 (Fed Cir 2000) (citations omitted) (quoting *Markman v. Westview Instruments, Inc*, 52 F 3d 967, 985 (Fed Cir 1995) (en banc), *aff'd*, 517 U S 370, (1996)).

Barnesandnoble com suggests that a different rule applies when an infringer rather than a patent owner offers the inventor's testimony But, in that context, it equally is true, as the Federal Circuit explained, that "it is not unusual for there to be a significant difference between what an inventor thinks his patented invention is and what the ultimate scope of the claims is after allowance by the PTO " *Id* Not surprisingly, given the illogic of such an argument in light of the Federal Circuit's precedent, that court has never suggested inventor testimony offered by an infringer is any more competent to construe claims than other inventor testimony Indeed, the very decision cited by Barnesandnoble com to support its argument (Barnesandnoble com's

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 6
[24976-0219/SL013190 015]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

Supplemental Brief on Claims Construction at 2), *Hoechst Celanese Corp. v BP Chemical, Ltd.*, 78 F 3d 1575, 1580 (Fed Cir 1996), consistent with the cases discussed above, explains, "*Markman* requires us to give no deference to the testimony of the inventor about the meaning of claims"

Apart from its legal irrelevance, Barnesandnoble com's proposed extrinsic evidence also is subject to impeachment The proposed evidence consists of sound bites taken out of context and based upon limited questioning These sound bites suggest meanings inconsistent with the witnesses' actual beliefs about the patent It would be grossly unfair to permit Barnesandnoble com belatedly to offer such evidence in a manner that precludes the witnesses' from testifying as to their actual beliefs regarding the construction of the claims

During the preliminary injunction hearing, Barnesandnoble com effectively used surprise evidence to preclude fair rebuttal in a procedure characterized by the Federal Circuit, during the oral argument of this case, as "swinging from the trees " Not surprisingly, Barnesandnoble com wishes to continue that tactic The Court should not permit it

The parties carefully negotiated a procedure for consideration of claim construction fair to both Barnesandnoble com should be held to the agreement it negotiated Its untimely decision to seek to place favorite snatches of deposition testimony before the Court does not justify changing the fair procedure the parties negotiated

//

//

//

//

//

//

OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 7
[24976-0219/SL013190 015]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

DATED this 15th day of November 2001

PERKINS COIE LLP

By _____
David J. Burman, WABA #10611
Jerry A. Riedinger, WSBA #25828
William D. Fisher, WSBA #27475

and

Lynn H. Pasahow
J. David Hadden
**FENWICK & WEST LLP**
Two Palo Alto Square
Palo Alto, CA 94306
(650) 494-0600

Attorneys for Plaintiff Amazon.com, Inc.
OPPOSITION TO MOTION TO FILE
SUPPLEMENTAL CLAIMS
CONSTRUCTION BRIEF - 8
[24976-0219/SL013190 015]
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

ORIGINAL

CC TO JUDGE __KN__

THE HONORABLE MARSHA J PECHMAN

```
_____ FILED      _____ ENTERED
_____ LODGED   _____ RECEIVED

        NOV 15 2001        KN
              AT SEATTLE
       CLERK U S DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON COM, INC , <br><br> Plaintiff, <br><br> Vs <br><br> BARNESANDNOBLE COM, INC , and BARNESANDNOBLE COM, LLC, <br><br> Defendants | NO    C99-1695P <br><br><br> CERTIFICATE OF SERVICE |

I, William D Fisher, under penalty of perjury under the laws of the State of Washington, hereby swear that on this 15th day of November 2001, I caused to be served a true and correct copy of

(1) **AMAZON.COM'S OPPOSITION TO BARNESANDNOBLE.COM'S MOTION TO FILE SUPPLEMENTAL CLAIMS CONSTRUCTION BRIEF;** and

(2) **CERTIFICATE OF SERVICE**

on counsel for defendants as follows

---

CERTIFICATE OF SERVICE - 1
[24976-0219/SL013190 139]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

| Steven I. Wallach | Mark J. Sugarman |
|---|---|
| Jonathan A. Marshall | Michael N. Rosen |
| PENNIE & EDMONDS | ROBINSON SILVERMAN PEARCH ARONSOHN & BERMAN |
| 1155 Avenue of the Americas | 1290 Avenue of the Americas |
| New York, NY 10036 | New York, NY 10104 |
| Telephone   (212) 790-9090 | Telephone   (212) 541-2000 |
| Facsimile   (212) 869-8864 | Facsimile   (212) 541-4630 |
| **(By Facsimile & Air Courier)** | **(By Facsimile & Air Courier)** |

Warren J. Rheaume
HELLER EHRMAN WHITE & MCAULIFF
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7098
Telephone   (206) 447-0900
Facsimile   (206) 447-0849

**(By Hand-Delivery)**

_/s/ William D. Fisher_
William D. Fisher, WSBA #27475

CERTIFICATE OF SERVICE - 2
[24976-0219/SL013190 139]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888