ORIGINAL

THE HONORABLE MARSHA PECHMAN

CV 99-01695 #00000217

FILED _____ ENTERED
LODGED _____ RECEIVED

NOV 15 2001 PM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON COM, INC ,<br><br>Plaintiff,<br><br>v<br><br>BARNESANDNOBLE COM, INC , and<br>BARNESANDNOBLE COM LLC,<br><br>Defendants | NO  C99-1695P<br><br>AMAZON COM'S REPLY IN SUPPORT<br>OF ITS MOTION FOR PROTECTIVE<br>ORDER LIMITING 30(b)(6)<br>DEPOSITIONS |

Despite Bn com's numerous opportunities to obtain the information that it seeks, Bn com continues to claim that Amazon com is attempting to "thwart" discovery  Bn com has already deposed the most knowledgeable witnesses on the topics for which it seeks discovery, and its additional requests are merely an attempt impose an unnecessary burden and expense upon Amazon com without providing any additional information useful to resolving the remaining issues in this action

**ARGUMENT**

Bn com has already deposed the four inventors of the '411 patent  Bn com would like this Court to believe that Amazon com's Rule 30(b)(6) witness would provide different

REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 1
[24976-0219/SA013190 050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

testimony than that of the inventors as to the date of conception and secondary considerations of nonobviousness  This possibility is more than remote, since Amazon com has designated Peri Hartman, one of the deposed inventors, as its 30(b)(6) witness  Moreover, Bn com's assertion in its Opposition that Amazon com refused to offer Mr  Hartman on an additional date is simply not true  Amazon com offered the deposition of Mr Hartman on consecutive days at Bn com's convenience  See Supplemental Declaration of William D  Fisher in Support of Amazon com's Motion for Protective Order Limiting 30(b)(6) Depositions ("Supp  Fisher Decl "), Exh  A  Bn com rejected that offer  See Supp  Fisher Decl , Exh  B  Because Bn com has already deposed the most knowledgeable witnesses, and its additional requests would impose an unnecessary burden and expense upon Amazon com without providing any additional information useful to settling the remaining issues in this action, Amazon com's motion for a protective order should be granted

Bn com argues that Amazon com's Motion was untimely  The express language of Rule 26, however, does not set limits within which a motion for protective order must be made  See Fed R  Civ  P  26  Amazon com's Motion was filed on October 30, the same date as the scheduled 30(b)(6) deposition on secondary considerations  In the interests of efficiency and conserving judicial resources, Amazon com chose to file one motion as to both of the scheduled depositions, attempting in good faith to resolve these disputes with Bn com prior to filing its Motion.

The cases Bn com cites to support its arguments as to the timeliness of the motion are easily distinguishable  In Henry v  Gill Indus , Inc , 983 F 2d 943, 947 (9th Cir  1993), the court found that the opposing party had been "irreparably prejudiced" because the person most likely to assist with a defense had died  Also, Henry had "twice forced cancellation of his deposition by notifying Gill at the last minute that he would not appear " Id  Contrary to Henry, where the person whose testimony was sought had died, Bn com has already deposed Mr  Hartman for a full day  Also, Amazon com did not notify Bn com "at the last minute," but almost three weeks before the first scheduled 30(b)(6) deposition  See Supp  Fisher Decl ,

REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 2
[24976-0219/SA013190 050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

Exh A Neither of the other cases cited by Bn com is on point The court in <u>Brittain v Stroh Brewery Co</u>, 136 F R D 408, 414 (M D N C 1991) found "good cause to excuse the defendant's otherwise untimely request for a protective order covering written discovery because defendant sought in good faith to negotiate a consent protective order " Amazon com's attempts to resolve these discovery quibbles help conserve judicial resources

> Were the Court, in every case, to insist on a motion for protective
> order at the same time a response is made to written discovery, the
> Court could be embroiled in a large number of discovery disputes that
> the parties could resolve among themselves

<u>Id</u> at 414, n 4 Similarly, the court in <u>In re Air Crash Disaster</u>, 130 F R D 627, 630 (E D Mich 1989) found that it was dilatory to wait for the opposing party to make a motion to compel prior to seeking a protective order Even if the North Carolina and Michigan district court cases cited by Bn com were binding authority on this Court, which they are not, Amazon com has shown "good cause" to excuse the alleged untimeliness See <u>Brittain</u>, 136 F R D at 413 ("a failure to request a protective order prior to the time set for producing the discovery may be excused for good cause"), <u>In re Air Crash Disaster</u>, 130 F R D at 630

Correspondence between the parties evidences that Bn com was aware that Amazon com would not produce a witness for the 30(b)(6) depositions and was in the process of seeking a protective order <u>See</u> Supp Fisher Decl, Exh C Almost a week prior to the deposition of Mr Hartman as an "individual," Amazon com notified Bn com that it would produce Mr Hartman as a 30(b)(6) witness <u>See id</u>, Exh D Amazon com also stated that it would produce Mr Hartman only on consecutive days as an individual and 30(b)(6) witness <u>See id</u>, Exh A Bn com asked Mr Hartman its 30(b)(6) questions during the initial deposition <u>See</u> Declaration of William D Fisher in Support of Amazon com's Motion for Protective Order dated October 30, 2001, Exh D Amazon com has proposed that Mr Hartman's corrected deposition testimony be available as 30(b)(6) deposition testimony

REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 3
[24976-0219/SA013190 050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

See Supp Fisher Decl, Exh E  Bn com should not be allowed to end run the Federal Rules' discovery limits by deposing Mr Hartman again on the same topics

The information sought by Bn com is unreasonably cumulative because Bn com has already deposed and received answers from the most knowledgeable witnesses on its scheduled topics  Regarding the date of invention, Jeffrey P Bezos has already told Bn com his recollection of the date of conception – falling between July 1994 and November 1996  See Supp Fisher Decl, Exh F  Bn com's argument that Amazon com's "attempt to reschedule the 30(b)(6) deposition on conception to [a date] before Bezos testified was clearly calculated to prevent discovery" is flawed in at least two respects  First, it does not matter when Mr Hartman would have testified to Amazon com's "prior to May 1997" date, since the range Mr Bezos testified about occurred prior to May 1997  The testimony is consistent  It is irrelevant whether Mr Hartman testified before or after Mr Bezos' deposition  Second, prior to Mr Hartman's deposition as an "individual," Amazon com notified Bn com that it would produce Mr Hartman on consecutive days as an individual and 30(b)(6) witness  See Supp Fisher Decl, Exh A  Rather than rescheduling the date of the 30(b)(6) to before Mr Bezos' deposition, Amazon com agreed to have the deposition of Mr Hartman on consecutive days at a "mutually agreeable two day period "  Id  Amazon com did not propose a date prior to Mr Bezos' deposition and expressed its amenability to having the deposition after Mr Bezos' deposition  Id

Bn com is simply trying to convolute the issues by incorporating into its arguments Bn com's Motion to Compel Testimony from Bezos and Spiegel, as well as its Opposition to Amazon com's Motion for Protective Order to Prevent Discovery from John Doerr  The facts of this Motion, however, are clear  Bn com has asked all four inventors of the '411 patent, the most knowledgeable witnesses on the issue, about the date of conception  Displeased with the answers it has received, Bn com is attempting to harass and annoy Amazon com, with the desired outcome of obtaining nothing more than cumulative testimony  For all of these

REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 4
[24976-0219/SA013190 050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

reasons, Amazon.com's Motion for Protective Order limiting 30(b)(6) depositions should be granted.

Regarding secondary considerations of nonobviousness, Bn.com states in its Opposition that it seeks information about the relationship between commercial embodiments of the 1-Click® technology and the '411 patent. An additional deposition seeking this information would not be probative because Bn.com already has received all of Amazon.com's information on this issue. Both Mr. Bezos and Mr. Hartman answered Bn.com's questions. Moreover, Amazon.com has already provided Geoffrey Mulligan's expert report which details the commercial embodiments of the 1-Click® technology. See Supp. Fisher Decl., Exh. G. In addition, Amazon.com has provided statistics on the value of orders taken using 1-Click® technology. See id., Exh. H. Another deposition on these issues would be unreasonably duplicative.

The 30(b)(6) deposition concerning design and development is annoying, oppressive and duplicative. Bn.com wishes to depose Peri Hartman again on the same topics as in the initial deposition. Bn.com knew during the initial deposition that Mr. Hartman was designated as Amazon.com's 30(b)(6) witness and asked the same questions it will necessarily ask Mr. Hartman as a 30(b)(6) witness. Mr. Hartman's answers will not depend on whether he testifies as a 30(b)(6) or individual witness. Moreover, Bn.com has already deposed the most knowledgeable witnesses on the remaining topics, the four inventors on Topic 1 (conception and reduction to practice) and Mr. Bezos on Topic 6 (statements made to Mr. Bezos). Topic 5 ("other difficulties") is vague and overbroad.

The 30(b)(6) questions that Bn.com asked Mr. Hartman are not irrelevant. Amazon.com has proposed that Mr. Hartman's corrected deposition testimony be available as 30(b)(6) deposition testimony. See Supp. Fisher Decl., Exh. E. Unlike Blankenship v. Hearst Corp., 519 F.2d 418 (9th Cir. 1975), where the plaintiffs were seeking information from a person whom they had not yet deposed, Bn.com has already deposed the most knowledgeable

PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 5
[24976-0219/SA013190.050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

witnesses on the topics requested. Another deposition involving the same questions and the same witness would be burdensome and duplicative.

The 30(b)(6) deposition concerning secondary considerations is an improper attempt to obtain Amazon.com's legal contentions. Although Bn.com brands its requests as mere "factual" inquiries, the wording of the requests reveals that Bn.com is really seeking Amazon.com's legal contentions. By asking for "facts or circumstances that either support or detract from the obviousness or nonobviousness," Bn.com is asking Amazon.com to divulge what *Amazon.com considers* to bear on the nonobviousness of its patent. Bn.com cannot request Amazon.com's legal contentions by renaming what Bn.com seeks.[1]

Simply because Bn.com is apparently dissatisfied with Amazon.com's responses to its interrogatories, Bn.com should not be permitted to use a 30(b)(6) deposition to discover Amazon.com's legal contentions. Bn.com could have made a motion to compel responses to its interrogatories if Bn.com was displeased. Amazon.com should not be bound to the testimony of a "non-lawyer deponent" who has "great knowledge about the products in issue here, but [may] be quite ill-equipped to reason reliably about the legal implications of the relationship between those products or their components, and the various claims of the patent in suit or of other patents or prior art." McCormick-Morgan, Inc., v. Teledyne Industries, Inc., 134 F.R.D. 275, 286, rev'd on other grounds, 765 F. Supp. 611, (N.D. Cal. 1991). Moreover, the court in Exxon Research & Eng. Co. v. United States, 44 Fed. Cl. 597, 601-603 (1999), another patent infringement case, held that the use of contention interrogatories was more appropriate than a deposition to seek legal contentions. In light of these patent infringement cases, this court should not permit Bn.com to seek Amazon.com's legal contentions through a 30(b)(6) deposition.

Amazon.com should not incur monetary or non-monetary sanctions. See Fed. R. Civ. P. 37. Amazon.com has not abused the discovery process or engaged in misrepresentation, its

---

[1] As for "[a]ny attempts by third parties to copy the invention," Amazon.com has already disclosed all of the facts within its knowledge pertaining to this issue.

REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 6
[24976-0219/SA013190 050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

motion for protective order was substantially justified, and an award of expenses would be unjust. All of Bn.com's requests for sanctions, therefore, should be denied.

DATED this 15th day of November 2001.

PERKINS COIE LLP

By _/s/ William D. Fisher_
David J. Burman, WABA #10611
Jerry A. Riedinger, WSBA #25828
William D. Fisher, WSBA #27475

and

Lynn H. Pasahow
J. David Hadden
**FENWICK & WEST LLP**
Two Palo Alto Square
Palo Alto, CA 94306
(650) 494-0600

Attorneys for Plaintiff Amazon.com, Inc.

REPLY IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER LIMITING 30(b)(6)
DEPOSITIONS - 7
[24976-0219/SA013190.050]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888