ORIGINAL

THE HONORABLE MARSHA PECHMAN

____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

NOV 15 2001   PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CV 99-01695 #00000219

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON COM, INC ,

        Plaintiff,

    v

BARNESANDNOBLE COM, INC , and
BARNESANDNOBLE COM LLC,

        Defendants

NO  C99-1695P

AMAZON COM'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE
ORDER TO PREVENT DISCOVERY
FROM JOHN DOOER

## I.    INTRODUCTION

Plaintiff Amazon com files this reply to Barnesandnoble com, Inc 's and

Barnesandnoble com, LLC's (collectively "Bn com") opposition to Amazon com's Motion for

a Protective Order To Prevent Discovery From John Doerr   Bn com argues that it needs

information relating to conception and reduction to practice regarding the '411 patent as its

justification for discovery from Mr  Doerr   Even a superficial examination of Bn com's

REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AND
TO PREVENT DISCOVERY - 1
[24976-0219/SA013190 045]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

arguments, however, reveals that Bn com is simply casting about in a fishing expedition in

seeking discovery from Mr Doerr   For the reasons stated below, Amazon com requests this

Court grant Amazon com's motion and issue a protective order preventing any discovery from

Mr Doerr

## II.   ARGUMENT

Essentially, Bn com puts forward two justifications for seeking discovery from

Mr Doerr   First, it claims it needs the deposition of Mr Doerr, who is not an inventor of the

'411 patent, to obtain information establishing the date of conception and reduction to practice

of the '411 patent   Second, Bn com asserts that it needs Mr Doerr's deposition to learn why

he has no documents in his possession responsive to Bn com's subpoena   Neither of these of

purported reasons justifies Mr Doerr being subjected to discovery in this action

Regarding alleged evidence of conception and reduction to practice, Mr Doerr's

testimony about this is irrelevant   Mr Doerr is not an inventor of the patent-in-suit

Mr Bezos is   Mr Bezos was also the recipient of the February 17, 1997 email from

Mr Doerr that Bn com relies upon as support for its deposition of Mr Doerr   As shown in its

opposition, Bn com had the opportunity to and did in fact inquire of Mr Bezos regarding the

subject matter of this email   See Bn com Opp at 1-2   Thus, Mr Bezos has already provided

his recollection of the email in question   Not content with these answers, Bn com now seeks

to burden Mr Doerr with similar questions even though Mr Doerr is not an inventor of the

patent-in-suit, thus making his testimony irrelevant to conception and reduction to practice

Bn com, however, should not be allowed to seek information from Amazon com's directors

when it has already had the opportunity to ask the same questions of Mr Bezos and other

inventors of the '411 patent, all of whom would have more direct knowledge concerning

REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AND
TO PREVENT DISCOVERY - 2
[24976-0219/SA013190 045]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

conception and reduction to practice   See, e g , Thomas v  IBM, 48 F 3d 478 (10th Cir

1995) (upholding protective order to prevent deposition of IBM's Chairman where record

showed that he lacked knowledge of pertinent facts and other employees with more

knowledge were made available to be deposed), Salter v  Upjohn Co , 593 F 2d 649, 651 (5th

Cir  1979) (upholding protective order issued to prevent deposition of defendant's President

where record showed he lacked knowledge of facts in dispute and other employees had more

direct knowledge)

     Bn com's only justification for this deposition is the unfounded suggestion that

Mr  Doerr may himself have been the impetus for the invention   See Bn com Opp  at 3-4

The fact that Bn com has no basis for this assertion shows that Bn com is simply on a fishing

expedition with regard to its proposed deposition of Mr  Doerr

     Furthermore, the email in question is over four years old   Mr  Doerr has stated in his

declaration that he has little recollection of the subject matter of Bn com's document requests

It is unlikely that Mr  Doerr will have any recollection of the subject matter of an over four-

year-old email upon which Bn com so heavily relies as the basis for taking Mr  Doerr's

deposition   This, coupled with the fact that Mr  Doerr is not even an inventor of the '411

patent, weighs against allowing Bn com to burden Mr  Doerr with a deposition in this action

     Bn com further argues that it is entitled to depose Mr  Doerr concerning why he has

no documents responsive to Bn com's subpoena   See Bn com Opp  at 3   This purported

justification reveals the baseless nature of Bn com's request to depose Mr  Doerr   Mr  Doerr

has testified in his declaration that he has no documents responsive to Bn com's subpoena

John Doerr Decl , ¶ 4   What Bn com proposes is a deposition of Mr  Doerr to inquire of his

and his firm's document retention procedures   Such questioning will not lead to the discovery

REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AND
TO PREVENT DISCOVERY - 3
[24976-0219/SA013190 045]

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

1 of admissible evidence in this lawsuit and can only be calculated to harass and embarrass

3 Mr Doerr

### III.   CONCLUSION

Bn com has articulated no legitimate basis for taking the deposition of Mr Doerr

Mr Doerr is not an inventor of the '411 patent   Therefore, his testimony is irrelevant to

conception and reduction to practice   Furthermore, Bn com is not entitled to harass

Mr Doerr about why he has no documents in his possession responsive to Bn com's

subpoena   Under these circumstances, good cause exists to issue a protective order

preventing Bn com from subjecting Mr Doerr and the parties to this discovery   Accordingly,

Amazon com respectfully requests this Court to issue a protective order preventing the taking

of any discovery from Mr Doerr

Dated this 15th day of November 2001

**PERKINS COIE LLP**

By _William D Fisher_

David J Burman, WABA #10611
Jerry A Riedinger, WSBA #25828
William D Fisher, WSBA #27475
and

Lynn H Pasahow
J David Hadden
**FENWICK & WEST LLP**
Two Palo Alto Square
Palo Alto, CA 94306
(650) 494-0600

Attorneys for Plaintiff Amazon com

REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AND
TO PREVENT DISCOVERY - 4
[24976-0219/SA013190 045]

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888